## No. 542

### PEERLESS PAPER BOX MFG. CO. v. LaBOITEAUX COMPANY

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4362. Decided May 7, 1923

This opinion has not been published except in Abstract.

**SALES**—(1) Judgment of the lower court correct as to the amounts delivered under the contract—(2) Express agreement as to quantity cannot be altered by custom.

VICKERY, P. J.:

Epitomized Opinion

This is an action for the purchase price of 400 bundles of paper. A written order was taken for the goods in which the amount specified was 300 bundles. No time was specified for delivery. After 400 bundles had been delivered, the defendant refused to pay for the merchandise. The plaintiff then sued. The defendant claimed the goods were to be shipped within two weeks and that only 300 bundles had been ordered. The plaintiff contended that no specific time for delivery was specified in the written order and moreover that under a custom or usage common to that line of business the defendant was liable for the 499 bundles delivered. The case was tried before Judge Terrell of the Municipal Court of Cleveland and resulted in a judgment in favor of plaintiff for the purchase price of the 400 bundles. Defendant prosecuted error. In modifying the judgment the Court of Appeals held:

1. That as no specific time of delivery was set forth in the written order and as there was insufficient evidence to warrant the finding that there was an oral agreement to that effect, it must be held that the delivery was to be made within a reasonable length of time and that it was incumbent upon the defendant to accept the goods and pay for them in accordance with the contract price.

2. As the contract was for 300 bundles, by no stretch of the imagination could there be a custom which would warrant the extension of an agreement to 400 bundles, and therefore the court erred in admitting evidence of such a custom.

Judgment modified.

Attorneys—Mooney, Hahn, Loeser & Keough, for Peerless Paper Box Mfg. Co.; Day, Day & Wilkin, for LaBoiteaux Co.

---

## No. 543

### MILJENOVIC v. DILL

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4885. Decided May 28, 1923

This opinion has not been published except in Abstract.

VICKERY, P. J.:
Epitomized Opinion

**SETTING ASIDE VERDICT**—(1) Where perjury is committed outside of court, the perjurer need not be convicted before a judgment can be set aside.

This was an action to set aside a judgment upon the ground that it was obtained by fraud and collusion and that the witnesses and parties had entered into a conspiracy to exaggerate the injuries of the plaintiff. Dill had previously obtained a judgment against Miljenovic in the Common Pleas Court of Cuyahoga county, and it was to set aside this judgment that this action was brought. A demurrer was filed and sustained. The plaintiff prosecuted error. The defendant claimed that before a judgment could be set aside on the ground of perjury, the perjurer must first be convicted. In reversing the judgment of the lower court, the Court of Appeals held:

1. Where a conspiracy is performed outside of the court, it is not necessary for the perjurer, who gives perjured testimony during the trial, to be first convicted before a judgment can be set aside after term.

Attorneys—Singer & Singer, Wm. H. Boyd, for Miljenovic; Day & Day and W. Keenan, for Dill.